**EDELSBERG LAW, P.A.**
Scott Edelsberg, Esq. (CA Bar No. 330990)
1925 Century Park E #1700
Los Angeles, CA 90067
Telephone: 305-975-3320
scott@edelsberglaw.com

*Counsel for Plaintiff and Proposed Classes*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

ALEX CEN WU, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

USA MINISO DEPOT INC,

Defendant.

Case No. 2:26-cv-00814-SVW-RAO

**CLASS ACTION**

**FIRST AMENDED COMPLAINT FOR VIOLATIONS OF THE TELEPHONE SOLICITATION ACT 47 U.S.C. § 227, ET SEQ. (TCPA)**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

1. Plaintiff, Alex Cen Wu ("Plaintiff"), brings this action against Defendant, USA Miniso Depot Inc. ("Defendant"), to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## NATURE OF THE ACTION

2. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., (the "TCPA").

3. This case arises form Defendant´s transmission of multiple unauthorized text messages to cellular telephones and violations of the National Do Not Call Registry of Plaintiff and others, without regard to consumers´ consent or privacy rights, even after consumers opt out from Defendant's messages.

4. Defendant is a retail lifestyle company engaged in the sale of fashion, household, beauty and general merchandise to consumers based out of California.

5. To promote its services, Defendant engages in aggressive unsolicited telemarketing, harming thousands of consumers in the process. Defendant utilizes aggressive marketing to push its products and services without regards to consumers' rights under the TCPA.

6. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff faces a real and imminent threat of future harm because Defendant continues to possess Plaintiff's telephone number in its marketing databases, has demonstrated a pattern and practice of ignoring consumer opt-out requests and has failed to implement any functional do-not-call procedures that would prevent future violations.

7. Plaintiff also seeks statutory damages on behalf of himself and members of the classes, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

8. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

9. Venue is proper in the United States District Court for the Central District Of California pursuant to 28 U.S.C. § 1391 (b) because Defendant is headquartered within this district, and Defendant is incorporated and has its principal place of business within this district (c) Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services from within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, Defendant's tortious conduct against Plaintiff occurred from within the Central District Of California and, on information and belief, Defendant has sent the same telemarketing text messages complained of by Plaintiff to other individuals from within this judicial district, such that some of Defendant's acts in making such calls have occurred from within this district, subjecting Defendant to jurisdiction in the Central District Of California.

## PARTIES

10. Plaintiff is a natural person who, at all times relevant to this action, was a resident of Queens County, New York.

11. Plaintiff is, and at all times relevant hereto was, an individual and the sole subscriber of the residential telephone number ending in 1559 (the "1559 Number") that received Defendant's text message solicitations.

12. Defendant is a limited liability company with its principal place of business located at 200 S. Los Robles Avenue, Suite 200, Pasadena, CA 91101.

13. Defendant directs, markets, and provides its business activities throughout the United States, including the State of California.

14. Unless otherwise indicated, the use of Defendant 's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTUAL ALLEGATIONS

15. Beginning at least in August 2025, Defendant sent or caused to be sent multiple telemarketing text messages to Plaintiff's 1559 Number, from Defendant's telephone number (833) 380-3778.

16. On or about September 16, 2025, Plaintiff responded with the message "Unsubscribe" to Defendant's (833) 380-3778 telephone number, using clear and unambiguous opt-out language to opt out of any further text message communications with Defendant (as shown below):




17. Despite Plaintiff's unequivocal opt-out request, Defendant engaged in an aggressive and persistent pattern of text message bombardment, sending unwanted messages to Plaintiff's 1559 Number, including but not limited to those sent on October 28, 2025, November 7, 2025, and November 27, 2025 (as shown above),

demonstrating a willful and knowing disregard for Plaintiff's clearly expressed wishes over an extended period.

18. This prolonged pattern of violations demonstrates Defendant's complete failure to maintain any functional internal do-not-call procedures and its deliberate choice to ignore consumer opt-out requests over an extended period.

19. Defendant has the capability of immediately complying with Plaintiff's opt-out requests.

20. As demonstrated by the above screenshots, Defendant does not honor reasonable consumer requests to opt-out of text message solicitations. Indeed, Plaintiff attempted to opt-out of Defendant's telephone solicitations by telling Defendant "Unsubscribe", but Defendant continued to text message Plaintiff intentionally disregarding Plaintiff's instructions in order to solicit the sale of its services to Plaintiff.

21. Defendant's refusal to honor Plaintiff's opt-out requests demonstrates that Defendant has not instituted procedures for maintaining a list of persons who request not to receive text messages from Defendant.

22. Defendant's refusal to honor Plaintiff's opt-out requests demonstrates that Defendant does not have a written policy, available upon demand, for maintaining a do-not-call list.

23. In fact, on or about December 16, 2025 Plaintiff, through counsel, made a request to Defendant for a copy of Defendant's do-not-call list policy, but received no response from Defendant.

24. Defendant failed to place Plaintiff on an internal do-not-call list after Plaintiff's explicit opt-out instructions.

25. Defendant's refusal to honor Plaintiff's opt-out requests demonstrates that Defendant does not provide training to its personnel engaged in telemarketing on the use and existence of a do-not-call list.

26. Defendant's refusal to honor Plaintiff's opt-out requests demonstrates that Defendant does not maintain an internal do-not-call list.

27. Defendant did not maintain the required procedures for handling and processing opt-out requests prior to the initiation of the violative text messages it sent to Plaintiff as reflected by the following facts: (a) Plaintiff made an explicit opt-out request on September 16, 2025, by sending the word "Unsubscribe" to Defendant's designated telephone number; (b) Defendant's system failed to process or honor that request; (c) Defendant continued to send promotional text messages to Plaintiff on October 28, 2025 (more than 40 days after the opt-out), November 7, 2025, and November 27, 2025; (d) the continued messages were sent well beyond the 10-business-day "reasonable time" period recognized by the FCC for honoring opt-out requests; (e) Plaintiff's counsel sent a pre-suit written demand to Defendant for its internal do-not-call policy, and Defendant failed to respond; and (f) Defendant's systematic failure to process a clear opt-out request and its complete non-responsiveness to a policy demand strongly support the inference that Defendant lacked any written do-not-call policy or functional procedures for maintaining an internal do-not-call list at the time the violative messages were sent.

28. These facts strongly suggest that Defendant fails to ensure that requests by Plaintiff and the Class members to opt-out of future communications are honored within a reasonable time.

29. Indeed, Plaintiff's and the class members opt-out requests were not honored within a reasonable time from when the opt-out request was made.

30. Defendant's text messages were transmitted to Plaintiff's residential cellular telephone, and within the time frame relevant to this action.

31. Defendant's text messages constitute telephone solicitations because they encouraged the future purchase or investment in property, goods, or services, i.e., retail products and services. Specifically, the text messages Plaintiff received advertised and

promoted Defendant's retail merchandise, including promotions such as "$5 off $30," "3 for $10," and other discount offers designed to induce Plaintiff to visit Defendant's stores or website and purchase Defendant's products. The messages were commercial in nature and were initiated for the purpose of encouraging Plaintiff and others to purchase Defendant's goods.

32. The information contained in the text messages advertises Defendant's various discounts, promotions and product offerings, which Defendant sends to promote its business and encourage purchases. The messages do not relate to any existing transaction, account servicing, or other non-commercial purpose, and are purely promotional in nature.

33. Upon information and belief, Defendant does not have a written policy for maintaining an internal do not call list pursuant to C.F.R. § 64.1200(d)(1). Plaintiff, through counsel, sent a pre-suit written demand to Defendant requesting a copy of Defendant's internal do-not-call policy, and Defendant failed to respond or produce any such policy, further supporting the inference that no such policy exists.

34. Upon information and belief, Defendant does not inform and train its personnel engaged in telemarketing in the existence and the use of any internal do not call list pursuant to C.F.R. § 64.1200(d)(2). This is supported by the fact that Defendant continued to send promotional text messages to Plaintiff for more than two months after Plaintiff's unambiguous opt-out request, and that Defendant failed to respond to Plaintiff's counsel's pre-suit inquiry regarding its internal do-not-call procedures.

35. Defendant sent the subject texts within this judicial district and, therefore, Defendant's violations of the TCPA occurred within this district. Upon information and belief, Defendant caused other text messages to be sent to individuals residing within this judicial district.

36. Defendant's texts were not made for an emergency purpose or to collect on a debt pursuant to 47 U.S.C. § 227(b)(1)(B).

37. At no point in time did Plaintiff provide Defendant with his express invitation or permission to contact him for telemarketing purposes. Plaintiff never invited, requested, or otherwise authorized Defendant to initiate telephone solicitations to his 1559 Number. Plaintiff never provided Defendant with his express written consent to be contacted after opting out.

38. Plaintiff never completed any type of form, application, or other instrument that authorized Defendant to contact Plaintiff's residential cellular telephone with marketing text messages.

39. Plaintiff has no existing business relationship with Defendant

40. To the extent that Defendant ever had any consent to contact Plaintiff for marketing purposes, that consent was expressly revoked on at least September 16, 2025, when Plaintiff responded to Defendant with "Unsubscribe".

41. Plaintiff is the subscriber and sole user of the 1559 Number and is financially responsible for it.

42. Plaintiff's 1559 Number is his residential number which he uses for personal purposes. Plaintiff uses the 1559 Number at his residence in Queens County, New York, where it serves as his primary means of personal communication. The 1559 Number is registered under Plaintiff's name at his residential address, is not used for any business or commercial purpose, and is the number Plaintiff provides to friends, family, and personal contacts.

43. Plaintiff registered his 1559 Number with the national do-not-call registry on August 9, 2024 and has been registered at all times relevant to this action.

44. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

45. The text messages originated from telephone number (833) 380-3778, which upon information and belief is owned and operated by Defendant or on behalf of Defendant.

46. Upon information and belief, Defendant has access to outbound transmission reports for all text messages sent advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiff and the Class members. Defendant also has access to text message logs showing Plaintiff's and the Class members inbound opt-out requests.

47. Defendant's unwanted telemarketing text messages caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's text messages also inconvenienced Plaintiff and caused disruption to his daily life.

48. Defendant's unwanted telemarketing text messages caused Plaintiff actual harm. Specifically, Plaintiff estimates that he has wasted fifteen to thirty seconds reviewing each of Defendant's unwanted messages. Each time, Plaintiff had to stop what he was doing to either retrieve his phone and/or look down at the phone to review the message.

49. Next, Plaintiff wasted approximately fifteen minutes locating and retaining counsel for this case in order to stop Defendant's unwanted text messages. In all, Defendant's violations of the TCPA caused Plaintiff to waste at least fifteen minutes of his time in addressing and attempting to stop Defendant's solicitations. Additionally, the deliberate nature of Defendant's violations, continuing to send messages after his express opt-out request, caused Plaintiff significant additional time loss and frustration over a period.

## **CLASS ALLEGATIONS**

**PROPOSED CLASSES**

50. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated.

51. Plaintiff brings this case on behalf of the Classes defined as follows:

> **<u>Do Not Call Registry Class</u>: All persons in the United States who from four years prior to the filing of this action through the date of class certification (1) were sent a text message by or on behalf of Defendant; (2) to a telephone number that had been listed on the National Do Not Call Registry for at least thirty days before the date of such text message(s); (3) more than one time within any 12-month period; and (4) promoting Defendant's products and services.**

> **<u>National Internal Do Not Call Class</u>: All persons in the United States who from four years before the filing of this action through the date of class certification, (1) sent a request to Defendant, by any means, to cease sending text messages; and (2) thereafter received one or more additional text messages by or on behalf of Defendant promoting Defendant's good or services.**

52. Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in the Classes but believes the Class members number in the several thousands, if not more.

**<u>Numerosity</u>**

53. Upon information and belief, Defendant has sent unsolicited text messages to telephone numbers belonging to thousands of consumers listed throughout the United States without their prior express written consent and/or after they had requested to opt-out. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

54. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class

members is a matter capable of ministerial determination from Defendant's text message records.

**Common Questions of Law and Fact**

55. There are numerous questions of law and fact common to the Classes which predominate over any questions affecting only individual members of the Classes. Among the questions of law and fact common to the Classes are:

a. Whether Defendant initiated text message solicitations to Plaintiff and the Class members;

b. Whether Defendant violated 47 C.F.R. § 64.1200(c) by sending text messages to numbers on the Do Not Call Registry;

c. Whether Defendant violated 47 C.F.R. § 64.1200(d);

d. Whether Defendant keeps records of text recipients who revoked consent to receive texts;

e. Whether Defendant's conduct was knowing and willful;

f. Whether Defendant is liable for damages, and the amount of such damages; and

g. Whether Defendant should be enjoined from such conduct in the future.

56. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits text message solicitations and telemarketing messages to consumers after they had requested to be opted out, and/or while they were registered on the DNC Registry and at times prohibited by law, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**Typicality**

57. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**Protecting the Interests of the Class Members**

58. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Classes and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Classes.

**Proceeding Via Class Action is Superior and Advisable**

59. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Classes is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Classes are in the millions of dollars, the individual damages incurred by each member of the Classes resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Classes could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

60. The prosecution of separate actions by members of the Classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Classes, although certain class members are not parties to such actions.

**COUNT I**
**Violation of the TCPA 47 U.S.C. § 227**
**(On Behalf of the Plaintiff and the Do Not Call Registry Class)**

61. Plaintiff repeats and re-alleges paragraphs 1 through 60 of this Complaint and incorporates them by reference herein.

62. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential

telephone subscriber who has registered his or his telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

63. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[1]

64. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

65. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

66. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

67. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

68. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**COUNT II**

**<u>Violation of the 47 U.S.C. § 227(c)(2)</u>**

**(On Behalf of Plaintiff and the National Internal Do Not Call Class)**

69. Plaintiff re-alleges and incorporates paragraphs 1 through 60 as if fully set forth herein.

70. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

71. Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet certain minimum standards, including:

> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request

> within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .
>
> (6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

47 C.F.R. § 64.1200(d)(3), (6).

72. Under 47 C.F.R § 64.1200(e) the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers:

> (e) The rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991.

47 C.F.R. § 64.1200(e).

73. Plaintiff and the Internal Do Not Call Class members made requests to Defendant not to receive telemarketing messages from Defendant.

74. Defendant failed to honor Plaintiff and the Internal Do Not Call Class members' requests.

75. Upon information and belief, Defendant has not instituted procedures for maintaining a list of persons who request not to receive telemarketing messages made by or on behalf of their behalf, pursuant to 47 C.F.R. § 64.1200(d).

76. Because Plaintiff and the Internal Do Not Call Class members received more than one text message in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200(d), as described above, Defendant violated 47 U.S.C. § 227(c)(5).

77. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Internal Do Not Call Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(c)(5).

78. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Internal Do Not Call Class members are entitled to an award of $1,500.00 in statutory damages, for each and every knowing and/or willful violation, pursuant to 47 U.S.C. § 227(c)(5).

79. Plaintiff and the Internal Do Not Call Class members also suffered damages in the form of invasion of privacy.

80. Plaintiff and the Internal Do Not Call Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to 47 U.S.C. § 227(c)(5). Plaintiff faces a concrete and imminent risk of future injury because: (a) Defendant retains Plaintiff's telephone number in its marketing database; (b) Defendant has demonstrated a persistent pattern of disregarding opt-out requests; (c) Defendant has failed to produce or demonstrate the existence of any internal do-not-call policy or procedures; and (d) absent injunctive relief, there is a substantial likelihood that Defendant will continue to send unsolicited telemarketing text messages to Plaintiff and the Class.

**COUNT III**

**Knowing and/or Willful Violations of the TCPA**

**(On Behalf of Plaintiff and the Classes)**

81. Plaintiff re-allege and incorporates paragraphs 1-60 as if fully set forth herein. To the extent the Court determines that treble damages must be specifically pleaded, Plaintiff sets forth the following additional allegations supporting such an award in connection with Counts I and II.

82. At all times relevant, Defendant knew or should have known that its conduct as alleged herein violated the TCPA.

83. Defendant knew that it did not have prior express invitation or permission to transmit telemarketing text messages to Plaintiff and knew or should have known that its conduct was a violation of the TCPA. Defendant's own text messages included opt-out instructions (e.g., "Reply Unsubscribe to opt-out" and "Reply STOP to opt out"), demonstrating that Defendant was aware of its obligation to honor consumer opt-out requests and yet deliberately failed to do so.

84. Defendant knew or should have known that Plaintiff´s number was on the National Do Not Call Registry and that sending text messages to such numbers violated federal regulations.

85. Defendant knew or should have known that continuing to send telemarketing text messages after receiving Plaintiff's opt-out request violated 47 C.F.R. § 64.1200(d) and related TCPA provisions requiring entities to maintain internal do-not-call procedures. Defendant's awareness of its TCPA obligations is further evidenced by the fact that Defendant's text messages contained opt-out mechanisms, yet Defendant failed to implement any functional system for processing and honoring those opt-out requests.

86. Because Defendant knew or should have known that Plaintiff and Class Members had not given prior express consent to receive its telemarketing text messages and that their numbers were on the National Do Not Call Registry, and that Plaintiff's opt-out request was being ignored the Court should treble the amount of statutory damages available to Plaintiffs and the other members of the putative Classes pursuant to § 227(c)(5) of the TCPA.

87. As a result of Defendant's violations, Plaintiff and the Class Members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C) and 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a. An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and Plaintiff's counsel as Class Counsel;

b. A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

c. An injunction requiring Defendant to implement and maintain proper internal do-not-call procedures in compliance with 47 C.F.R. § 64.1200(d);

d. An injunction requiring Defendant to cease all text message solicitations to numbers on the Do Not Call Registry, and to otherwise protect the interests of the Classes;

e. An award of actual and statutory damages for Plaintiff and each member of the Classes;

f. Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff and Class Members hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: June 22, 2026 Respectfully submitted,

By: */s/ Scott Edelsberg*

**EDELSBERG LAW, P.A.**

Scott Edelsberg, Esq. (CA Bar No. 330990)
1925 Century Park E #1700
Los Angeles, CA 90067
Telephone: 305-975-3320
scott@edelsberglaw.com

*Counsel for Plaintiff and the Classes.*